**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
brenda.meade@tn.gov

REC'D BY JEFF SHAY
JUL 14 2011
ROUTE TO:
COPIES TO:

SM Jackie Carter
JUL 14 2011

July 11, 2011

State Farm Fire & Casualty Company
2500 Memorial Boulevard % Jeff Shay
Murfreesboro, TN 37131-0001
NAIC # 25143

Certified Mail
Return Receipt Requested
7011 0470 0000 5065 8251
Cashier # 4188

Re:  Billy & Heardia Boyd  V.  State Farm Fire & Casualty Company

   Docket # Ct-003101-11

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served July 08, 2011, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn 38103



# IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS
## SUMMONS IN A CIVIL ACTION

NO. __CT 003104 11__  AD DAMNUM $_____  AUTO ___ OTHER ___

BILLY WAYNE BOYD, and
HEARDIA SEN BOYD,

    Plaintiff(s),

vs.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant(s)

To the Defendant:   STATE FARM FIRE AND CASUALTY COMPANY
                           C/O DEPARTMENT OF COMMERCE AND INSURANCE
                           500 JAMES ROBERTSON PARKWAY
                           NASHVILLE, TENNESSEE 37243-1131

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your Answer to the Complaint on Kevin A. Snider of Snider & Horner, PLLC, Plaintiff's attorney, whose address is Corporate Gardens, 9056 Stone Walk Place, Germantown, Tennessee 38138 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED                                     JIMMY MOORE, Circuit Court Clerk

_____6/30_____ 20_11___     By _____ D.C.

### TO THE DEFENDANT(S):
Pursuant to Tennessee Code Annotated Section 26-2-114, you are hereby given the following notice: Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND
I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time by adjudged against the Plaintiff(s) in the event the said Plaintiff(s) shall not pay the same.

Witness my hand this _____ day of _____, 20_____.
Certification when applicable

I, JIMMY MOORE, Clerk of the Circuit Court, Shelby County, Tennessee        KEVIN A. SNIDER of Snider & Horner, PLLC
Certify this to be a true and accurate copy as filed this __6/30/11__

JIMMY MOORE _____, D.C.

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant(s): _____

_____

MARK LUTTRELL, Sheriff

By _____, Deputy Sheriff

### PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant(s): _____

_____

(Please Print the Following)

Private Process Server: _____    Company: _____

Address: _____    Phone: _____

Signature: _____

Other manner of service:

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____ because he/she/it is (are) not to be found in this County after diligent search and inquiry for the following reasons:

_____

This _____ day of _____, 20_____

MARK LUTTRELL, Sheriff

By _____, Deputy Sheriff

---

NO. _____

D. _____

IN THE CIRCUIT COURT
OF TENNESSEE
FOR THE THIRTIETH
JUDICIAL DISTRICT AT MEMPHIS

SUMMONS IN CIVIL ACTION

BILLY WAYNE BOYD, and
HEARDIA SEN BOYD

Plaintiff(s)

VS.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant(s)

Came to hand

Attorney for the Plaintiff(s):
KEVIN A. SNIDER #018231
SNIDER & HORNER, PLLC
Corporate Gardens
9056 Stone Walk Place
Germantown, TN 38138
(901) 751-3777 – telephone
(901)759-0041 – facsimile

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
JUN 30 2011
CIRCUIT COURT CLERK
BY _____ D.C.

BILLY WAYNE BOYD, and
HEARDIA SEN BOYD,

Plaintiffs,

VS.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

No. CT- 003161-11
Div. VIII

I, JIMMY MOORE, Clerk of the Circuit Court, Shelby County Tennessee certify this to be a true and accurate copy as filed this 6/30/11
JIMMY MOORE, Clerk
By _____ D.C.

## COMPLAINT FOR DAMAGES

COME NOW the Plaintiffs, Billy Wayne Boyd and Heardia Sen Boyd, by and through their legal counsel of record, Kevin A. Snider of Snider & Horner, PLLC, and would state to the Court as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, Billy Wayne Boyd (hereinafter individually referred to as "Mr. Boyd"), is an adult resident and citizen of Shelby County, Tennessee.

2. The Plaintiff, Heardia Sen Boyd (hereinafter individually referred to as "Mrs. Boyd"), is an adult resident and citizen of Shelby County, Tennessee.

3. For purposes of this Complaint, all Plaintiffs named in Paragraphs 1 and 2 shall be collectively referred to as "the Plaintiffs".

4. The Defendant, State Farm Fire and Casualty Company (hereinafter referred to as "the Defendant") is a for profit organization that is not actively registered with the Secretary of the State of Tennessee but is illegally conducting business in Shelby County, Tennessee and may be served with process at its Murfreesboro Operations Center, 2500 Memorial Boulevard, Murfreesboro, Tennessee 37129.

5. Jurisdiction and Venue in the instant case are properly found in Shelby County, Tennessee, pursuant to T.C.A. § 20-4-101 and related sections.

## FACTUAL ALLEGATIONS

6. At the time of the July 1, 2010 fire loss sustained to real property located at 6843 Stone Gap Cove, Memphis, Tennessee 38141-8564 (hereinafter referred to as "the Stone Gap Cove Property"), the Plaintiffs had a policy of insurance with the Defendant already in effect, No. 42-J1-0179-1.

7. The disputed insurance policy was fire and casualty homeowners insurance policy intended to cover the Stone Gap Cove Property. A copy of said insurance policy is unavailable to be attached at this time due to the fact that the Plaintiffs' copy of said policy was destroyed in the fire.

8. In reliance on the above and under the terms and conditions of the insurance policy, the Plaintiffs paid the appropriate premiums to the Defendant for the entire term of said policy. The Defendant was to provide the Plaintiffs with insurance coverage under the terms and conditions of said insurance policy.

9. At all times, the Plaintiffs were current in paying the premiums on said insurance policy and complied in good faith with all of the terms and conditions of said insurance policy.

10. The Plaintiffs timely filed a claim for the loss caused by the fire with the Defendant as required by said Insurance Policy and complied with many, if not all, of the other rigorous requirements and demands made by the Defendant in regard to their claim.

11. To supplement their initial claim of loss, the Plaintiffs filed Personal Property Inventory as his proof of loss; submitted to a lengthy examination under oath by the Defendant's counsel on or about September 1, 2010; and provided the Defendant with all requested documentation that they had in their possession and was not lost in the fire.

12. The Defendant, although making some periodic "advances" has refused and/or otherwise failed to fully pay the loss that the Plaintiffs incurred despite the fact that the Plaintiffs have complied with the Defendant's requests and produced documents and financial records.

13. In fact, the Defendant has wrongfully alleged a violation of the insurance policy's concealment and fraud condition as alleged in its March 16, 2011 denial of coverage letter addressed to the Plaintiffs' previous attorney.

14. Despite the above, the Plaintiffs have continued to try and "work with" the Defendant in an effort to have this matter resolved. However, the Defendant refuses and/or otherwise fails to take any action to rectify this situation.

15. The Plaintiffs would aver that the actions and/or omissions of the Defendant as alleged were willful, wanton, and malicious, done with reckless disregard for the Plaintiffs' rights and the rights of others in similar situations and were done without just cause or excuse, so that the Plaintiffs are entitled to exemplary damages.

## FIRST CLAIM – BREACH OF CONTRACT

16. The Plaintiffs reincorporate all of the other paragraphs of this Complaint as if fully stated herein.

17. The Plaintiffs have duly performed all of the conditions of the above described insurance policy on their part.

18. The Defendant has breached its obligations under the insurance policy by denying and/or refusing and/or failing to pay the Plaintiffs' claim for loss to their home and its contents sustained as a result of the fire more fully described above.

19. As a direct and proximate result of the Defendant's breach of the insurance policy the Plaintiffs have and continue to incur substantial damages.

## BAD FAITH REFUSAL TO PAY CLAIM

20. The Plaintiffs reincorporate all of the other paragraphs of this Complaint as if fully stated herein.

21. The Plaintiffs duly performed the conditions of said Insurance Policy by timely filing their claim for fire loss to his home and its contents with the Defendant.

22. The Defendant acted in bad faith in denying and/or refusing and/or failing to pay Plaintiffs' claim for the fire loss sustained to Plaintiffs' home and its contents in violation of T.C.A. Section 56-7-105 and related sections.

23. As a direct and proximate result of the Defendant's bad faith denial of Plaintiffs' fire loss claim, the Plaintiffs have and continue to incur substantial damages.

## SECOND CLAIM -- FRAUD AND/OR MISREPRESENTATION

24. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

25. The Defendant and/or its employees, agents, representatives, or other individuals working on its behalf, engaged in fraud and/or misrepresentation when it falsely represented that it would provide fire and casualty insurance coverage to the Plaintiffs in the event that their house and its contents burned down when in fact it did not.

26. The Defendant's actions were intentional, willful, malicious, and/or reckless and entitle the Plaintiffs to punitive damages. The Defendant knew of the foregoing falsehoods and made them recklessly with the intent to deceive the Plaintiffs and to induce them into entering into a fire and casualty insurance policy.

27. Alternatively, the Defendant's actions and/or omissions were negligent in that the Defendant failed to exercise due care and should have reasonably foreseen that its herein-stated actions and/or omissions would harm or damage the Plaintiffs financially.

28. As a sole, direct, and proximate cause of the Defendant's actions and/or omissions the Plaintiffs have and continue to incur substantial damages.

## VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

29. The Plaintiffs reincorporate all of the other paragraphs of this Complaint as if fully stated herein.

30. The Defendant engaged in unfair and/or deceptive trade practices in violation of T.C.A. Section 47-18-104 et seq. and related sections by representing to Plaintiffs that they were insured by the Defendant against such fire damage as was sustained to their home and its contents, and then denying and/or refusing and/or failing to pay for such insurance coverage.

31. As a direct and proximate result of the Defendant's unfair and/or deceptive trade practices the Plaintiffs have and continue to incur substantial damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray:

1. That proper service issue and be served upon the Defendant requiring it to answer the Complaint.

2. That the Plaintiffs be awarded a judgment against the Defendant in the minimum amount of $200,000.00 in compensatory damages or an amount to be more specifically determined at a later date.

3. That the Plaintiffs be awarded a judgment against the Defendant in the minimum amount of $1,000,000.00 in punitive damages.

4. That the Plaintiffs be awarded a judgment against the Defendant in the minimum amount of $600,000.00 in treble damages pursuant to the Tennessee Consumer Protection Act.

5. That the Plaintiffs be awarded prejudgment interest.

6. That the Plaintiffs be awarded reasonable attorneys' fees incurred in this matter pursuant to the Tennessee Consumer Protection Act and bad faith refusal to pay a claim.

7. For such other and further relief as to which they may be entitled.

## JURY DEMAND

The Plaintiffs demand a trial by jury on all issues which may be determined by a jury.

Respectfully submitted,

SNIDER & HORNER, PLLC

KEVIN A. SNIDER (B.P.R. #18231)
Attorney for the Plaintiffs
Corporate Gardens
9056 Stone Walk Place
Germantown, TN 38138
(901) 751-3777